1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| GREGORY BLOOMFIELD, | CASE NO. 15cv2762 DMS (BGS) |
| Plaintiff, | **ORDER (1) GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION AND (2) GRANTING PLAINTIFF'S MOTION TO REMAND** |
| v. | |
| CAPITAL ONE, N.A., a Virginia corporation, INTEGRATED LENDER SERVICES, a Delaware corporation, LORETTA ECHOLS, and DOES 1 through 100, inclusive, | |
| Defendants. | |

17          On December 9, 2015, Defendant Capital One, N.A. removed this case to this

18     Court  alleging jurisdiction under both the diversity and federal question statutes.  To

19     establish diversity, Capital One alleged Defendants Integrated Lender Services and

20     Loretta Echols were fraudulently joined as sham defendants, and thus their citizenship

21     should be disregarded.  As part of these allegations, Capital One stated, "a non-diverse

22     defendant is said to be fraudulently joined where 'the plaintiff fails to state a cause of

23     action against a resident defendant, and the failure is obvious according to the settled

24     rules of the state.'"  (Notice of Removal ¶ 6.c.) (quoting *McCabe v. Gen. Foods Corp.*,

25     811 F.2d 1336, 1339 (9th Cir. 1987)).  Capital One then turned to the claims alleged

26     against Defendants Integrated and Echols (breach of trustee duties and intentional

27     infliction of emotional distress), and explained why each of those claims failed as a

28     matter of law.  (*Id.* ¶¶ 6.c-d.)  Capital One alleged there was federal question

1  jurisdiction because the primary issue to be adjudicated was "whether ING issued an
2  erroneous IRS Form 1099-C."  (*Id.* ¶ 8.)

3      In response to the removal, Plaintiff filed a motion to remand.  In that motion, he
4  raised three arguments.  First, he asserted Defendants failed to comply with 28 U.S.C.
5  § 1446(a), which rendered the removal procedurally defective.  Second, he contended
6  there was incomplete diversity between the parties.  Third, Plaintiff argued there was
7  no federal question jurisdiction.  Nowhere in the motion to remand did Plaintiff
8  challenge or question the standard for fraudulent joinder set out by Capital One in the
9  Notice of Removal.

10      In ruling on the motion to remand, the Court agreed with Plaintiff on the third
11  argument that federal question jurisdiction was lacking.  However, the Court disagreed
12  with Plaintiff on diversity jurisdiction.  There being no dispute between the parties
13  about the standard for fraudulent joinder, the Court adopted Defendants' approach,
14  agreed with Defendants that Integrated and Echols were sham defendants, and thus
15  declined to consider their citizenship in deciding the diversity issue.  Because there was
16  complete diversity between the remaining parties, Plaintiff and Capital One, the Court
17  found there was diversity jurisdiction.  The Court declined to address Plaintiff's first
18  argument about the alleged procedural defect in the notice of removal in light of its
19  finding that Defendants Integrated and Echols were fraudulently joined.

20      On March 6, 2016, Plaintiff filed the present motion for reconsideration of the
21  Court's order denying his motion to remand.  Defendants filed an opposition to the
22  motion, and Plaintiff filed a reply.  For the reasons set out below, the Court grants
23  Plaintiff's motion for reconsideration, and grants Plaintiff's motion to remand.

24      Although Plaintiff did not raise this particular argument in his motion for
25  reconsideration or any of his previous briefs on this issue, the Court finds the standard
26  for fraudulent joinder set out in the Notice of Removal and Defendants' previous briefs
27  on this issue is incorrect.  In deciding the motion to remand, the Court looked only to
28  the claims alleged against Defendants Integrated and Echols, and considered those

claims according to the standard set out by Defendants, which is akin to the standard for motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Although one other district court in the Ninth Circuit has applied this standard, *see Johnson v. GranCare, LLC*, No. 15-cv-03585-RS, 2015 U.S. Dist. LEXIS 151971 (N.D. Cal. Nov. 9, 2015), "[t]he vast majority of district court decisions ... have determined that the fraudulent joinder standard is tougher to meet than the Rule 12(b)(6) standard, such that fraudulent joinder will not be found if there is 'any possibility' that the plaintiff could state a claim." *GranCare, LLC v. Thrower*, Nos. C 15-05362 WHA, 15-05575 WHA, 2016 U.S. Dist. LEXIS 36413, at *14 (N.D. Cal. Mar. 21, 2016) (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009)). This approach is consistent with the "strong presumption" against removal jurisdiction, *Hunter*, 582 F.3d at 1042, and the "general presumption" against fraudulent joinder. *Hamilton Materials Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

When considered through this lens, it is clear Defendants have not met their burden to show, by clear and convincing evidence, *id.*, that Defendants Integrated and Echols are sham defendants. Their arguments in opposition to Plaintiff's motion to remand go to the merits of Plaintiff's claims, which is insufficient to establish fraudulent joinder. *Mahoney v. Unum Group*, No. C 15-3532 SBA, 2015 U.S. Dist. LEXIS 145804, at *2-3 (N.D. Cal. Oct. 27, 2015). "Rather, a finding of fraudulent joinder requires a showing that the plaintiff could not plead any facts sufficient to state a claim against those defendants, such that leave to amend would be futile." *Ramirez v. Speltz*, No. C 15-03538 WHA, 2015 U.S. Dist. LEXIS 137902, at *7 (N.D. Cal. Oct. 8, 2015). Here, Defendants made a preliminary showing that they owed no duty to Plaintiff to verify or identify the current trustee in the Substitution of Trustee. However, Defendants did not show there is no possibility Plaintiff could state a claim against them based on the facts alleged in this case. *See Hatch v. Collins*, 225 Cal. App. 3d 1104, 1113 (1990) (stating certain facts may give rise to cause of action for

/ / /

1 professional negligence against trustee).  Accordingly, there is no fraudulent joinder

2 here.

3       Absent a finding that Defendants Integrated and Echols are sham defendants, the

4 Court must consider their citizenship in determining whether there is complete

5 diversity.  There is not.  Defendants Integrated and Echols are citizens of California, as

6 is Plaintiff.  Thus, complete diversity is lacking.  In light of this finding, and the Court's

7 previous finding that there is no federal question jurisdiction, which finding Defendants

8 do not dispute, the Court grants Plaintiff's motion to remand.  The Clerk

9 of Court shall provide a certified copy of this order to the clerk of the State court, and

10 thereafter close this case.

11       **IT IS SO ORDERED**.

12 DATED:  April 27, 2016

13

14                  HON. DANA M. SABRAW
United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

15cv2762